# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| DEREK ANDREW STERN, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 0:07-667-GRA-BM |
| ) | |
| v. ) | |
| ) | |
| DONALD BAUKNECHT, ) | **REPORT AND RECOMMENDATION** |
| WARDEN, FCI Williamsburg, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This action has been filed by the Petitioner, pro se, pursuant to 28 U.S.C. § 2241. Petitioner, an inmate with the Federal Bureau of Prisons (BOP), argues that the BOP's refusal to allow him to complete the last six months of his sentence in a Residential Reentry Center ("RRC")[1] [halfway house] violates his federal constitutional and statutory rights.

The Respondent filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., on May 2, 2007, arguing that Petitioner's Petition is without merit. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on May 3, 2007, advising Petitioner of the importance of a dispositive motion and of the need for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted,

---

[1] On March 31, 2006, the BOP Executive Staff approved changing the name of Community Correction Centers ("CCC") to Residential Reentry Centers ("RRC") to provide a clearer description of the services and programs offered, to associate community based programs with other reentry initiatives being implemented around the country, and to clearly differentiate community based programs from correctional facilities. Griffin v. Berkebile, No. 07-1071, 2007 WL 4270763 at *1 n. 1 (N.D.Tex. Dec. 6, 2007).



1

thereby ending his case. Petitioner thereafter filed a memorandum in opposition on May 23, 2007.

The Respondent then filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on June 22, 2007, following which a second Roseboro order was entered by the Court on June 25, 2007. Petitioner thereafter filed his own motion for summary judgment on July 6, 2007, to which the Respondent filed a response on July 24, 2007. Petitioner filed a Reply Memorandum on August 3, 2007. The Petition is now before the Court for disposition.[2]

## Discussion

Petitioner contends that he is eligible for placement in an RRC for at least 10% of the *sentence imposed* under 18 U.S.C. § 3624(c), whereas the Bureau of Prisons ("BOP") has calculated his eligibility date for RRC placement using the *term to be served*. Petitioner concedes, however, "that he is not demanding that he be placed in a [sic] RRC for six months. Petitioner is aware that the Respondent has the discretion regarding RRC placement." See Petitioner's Motion for Summary Judgment, p. 8. Rather, Petitioner is arguing that he should be deemed eligible for consideration to be placed in an RRC.

While Respondent in his motion for summary judgment argues the validity of the BOP's assignment procedure, the undersigned notes that, regardless, Petitioner was eligible to be placed into an RRC on or about November 7, 2007. See Respondent's Exhibits B & D; see also Respondent's Memorandum, p. 6. Therefore, Petitioner's requested relief in this § 2241 action is moot and, as such, this Petition is subject to dismissal. Miller v. Federal Bureau of Prisons, 147

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The parties have filed motions for summary judgment. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.



Fed.Appx. 302, 307 (3d Cir. 2005);  Bost v. Adams, No. 04-446, 2006 WL 1674485 at *1 (S.D.W.Va. June 12, 2006).

### Conclusion

Based on the foregoing, it is recommended that the Respondent's motions to dismiss and/or for summary judgment be **granted**, that Petitioner's motion for summary judgment be **denied**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

December 17, 2007



3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

4

